IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KEITH COLE,**      CASE NO. 3:23 CV 769

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**TOLEDO REFINING COMPANY, LLC,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court in this personal injury suit is Defendant Toledo Refining Company, LLC's Motion to Dismiss Plaintiff Keith Cole's Complaint. (Doc. 4). Plaintiff opposed (Doc. 5), and Defendant replied (Doc. 6). Jurisdiction is proper under 28 U.S.C. § 1332.

For the following reasons, the Court grants in part and denies in part Defendant's Motion.

### BACKGROUND

Originally filed in the Lucas County Court of Common Pleas and removed to this Court, Plaintiff's two-count Complaint asserts claims of negligence and trespass against Defendant. *See* Docs. 1, 1-1. According to the Complaint, Defendant "is a refining company doing business at 1819 Woodville Road, Oregon, Ohio". (Doc. 1-1, at ¶ 2). On November 23, 2021, Plaintiff heard a loud explosion while inside his house "which rocked his house and threw him around"; he saw smoke and fire coming from "Defendant[']s refinery operation". *Id.* at ¶¶ 3-4. "The explosion and fire was two blocks from [Plaintiff's] house" and "[a]s a direct and proximate result of the explosion, [Plaintiff's] chimney was dislodged and he sustained injuries to the left side of his body." *Id.* at ¶¶ 5-6.

#### STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court tests the complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is required to accept the factual allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the non-moving party. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotation marks omitted). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556; *Iqbal*, 556 U.S. at 678. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation". *Id.* (quoting *Twombly*, 550 U.S. at 555).

#### DISCUSSION

Defendant moves to dismiss both Counts of Plaintiff's Complaint, arguing neither contains sufficient factual allegations to support a cause of action. (Doc. 4).

Count One: Negligence

Defendant moves to dismiss Count One on the basis that Plaintiff has failed to plead any facts supporting "a specific duty that Toledo Refining Company owed to Plaintiff" or "what

action [Defendant] took or failed to take that was negligent in causing the alleged explosion or any condition that allegedly created an unreasonable risk of harm that was negligently maintained by [Defendant]." (Doc. 4, at 4). Plaintiff responds, arguing the Complaint "clearly contains alleged facts that the instrumentality of harm was an explosion at the refinery which was evidenced by smoke and fire immediately thereafter." (Doc. 5, at 4). He contends that "[t]his evidence is sufficient to trigger the res ipsa loquitor [sic], placing the burden of proof on the Defendant to show evidence that it did not control the instrumentality of harm". *Id.* He further argues that "[i]n any case, sufficient facts coupled with the inference are pleaded to survive the motion to dismiss." *Id.* Defendant replies that *res ipsa loquitur* is an evidentiary rule not applicable at the pleading stage, and even if it were, Plaintiff has not established his entitlement to it. (Doc. 6)

To state a claim for negligence under Ohio law, a plaintiff must assert "(1) the existence of a legal duty owed to the injured party, (2) the defendant's breach of that duty, and (3) that an injury proximately resulted from the defendant's breach of duty." *Snay v. Burr*, 167 Ohio St. 3d 123, 126 (Ohio 2021) (citing *Mussivand v. David*, 45 Ohio St. 3d 314, 318 (1989)). "A defendant's duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case." *Chambers v. St. Mary's Sch.* 82 Ohio St. 2d 563, 565 (Ohio 1998).

As to Count One, Plaintiff's Complaint asserts:

7. Mr. Cole incorporates his allegations in Paragraphs 1 through 6 as if fully rewritten.

8. On or about November 23, 2021, the Defendant owed to neighboring property owners like Mr. Cole a duty to maintain a safe refining process at its plant.

9. On that same date, the Defendant failed to comply with its duty of care to Mr. Cole as a neighboring property owner.

3

> 10. As a direct and proximate result of the Defendant's failure to comply with its duty of care, Mr. Cole sustained property damages, physical injury, pain and suffering, incurred medical expenses, interference with his ability to perform usual, pleasurable activities, and possibly permanent disability.

(Doc. 1-1, at ¶¶ 7-10).

Although Defendant is correct that the invocation of *res ipsa loquitur* does not render an otherwise conclusory pleading sufficient, the Court finds the facts asserted in Plaintiff's Complaint sufficient to avoid dismissal of his negligence claim. Plaintiff states he was in his home two blocks away from the refinery when he "heard a loud explosion . . . which rocked the house and threw him around contacting articles and walls inside" and that he saw smoke and fire coming from the refinery. *Id.* at ¶¶ 3-4. These facts, and the reasonable inferences drawn therefrom, are sufficient to state a plausible negligence claim at this juncture. *Cf. Paulus v. Citicorp N. Am., Inc.*, 2013 WL 5487053, at *8 (S.D. Ohio) ("Taken as true, the allegations lead to inferences of a duty (for Citi, as a nearby landowner, not to use its 'property in such a manner that [it] unreasonably disturb[s][its] neighbors,' *Sakler* [*v. Huls*]*,* 20 Ohio Op.2d 283 [Ohio Ct. Comm. Pleas.]"); *Ronemus & Heath Co., LPA v. We're Jammin, Inc.*, 2005-Ohio-4836, ¶¶ 15-16 (Ohio Ct. App.) ("It is a general principle of law that every person may make such use as he or she will of his or her own property, provided such person uses it in such a manner as not to injure the rights of others or the rights of neighbors.") (quoting 70 Ohio Jurisprudence 3d (2004) 75-75 Negligence § 18); *Hine v. Eikler*, 19 Ohio App. 510, 514 (Ohio Ct. App. 1923) ("We know of no law which would excuse any person from the duty to so use his property as not to injure others.").

Count Two: Trespass

Defendant similarly moves to dismiss Plaintiff's trespass claim. (Doc. 4, at 5-7). It argues Plaintiff has failed to allege any intentional act or substantial damage as is necessary to raise an indirect trespass claim. The Court finds this Count must be dismissed.

To state a traditional claim for trespass, a plaintiff must allege "(1) an unauthorized intentional act, and (2) entry upon land in possession of another." *Brown v. Scioto Bty. Bd. of Commrs*, 622 N.E.2d 1153, 1161 (Ohio Ct. App. 1993). Defendant notes Plaintiff seems to be alleging an indirect trespass claim based on vibrations caused by an explosion. *See* Doc. 4, at 5-6; Doc. 1-1, at ¶ 3 (asserting an explosion "rocked the house"). Ohio courts have recognized such indirect trespass claims. *See, e.g.*, *Colegrove v. Fred A. Nemann Co.*, 2015-Ohio-533, at ¶ 36 (Ohio Ct. App.) (indirect trespass claim based on vibrations from sewer pump construction). One Ohio appellate court described the elements of such a claim as: "(1) an invasion affecting an interest in the exclusive possession of his property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and (4) substantial damages to the res." *Hager v. Waste Techs. Indus.*, 2002-Ohio-3466, ¶ 41 (Ohio Ct. App.). "Intentional conduct is an essential element of trespass." *Merino v. Salem Hunting Club*, 2008-Ohio-6366, ¶ 44 (Ohio Ct. App.) (granting summary judgment where plaintiff failed to provide evidence a hunting club *intentionally* allowed stray bullets to reach his property).

In opposition, Plaintiff appears to state he is asserting a "traditional trespass claim", but he does not identify any physical intrusion. And, although he responds to Defendant's argument regarding the nature of the injury and damages, he does not respond to Defendant's argument that the Complaint fails to identify any intentional act. *See* Doc. 5, at 4.

5

As to Count Two, Plaintiff's Complaint asserts:

11. Mr. Cole incorporates his allegations in Paragraphs 1 through 10 as if fully rewritten.

12. On or about November 23, 2021, the Defendant owed Mr. Cole a duty to not trespass through the operation of its facility onto his property and cause harm.

13. On or about that same date, the Defendant failed to comply with its duty and trespassed onto Mr. Cole's property causing property damages and physical injury.

14. As a direct and proximate result of the Defendant's failure to comply with its duty of care, Mr. Cole sustained property damages, physical injury, pain and suffering, incurred medical expenses, interference with his ability to perform usual, pleasurable activities, and possible[] permanent disability.

(Doc. 1, at ¶¶ 11-14).

The Court agrees with Defendant that Plaintiff has not pled facts to support any intentional action. Nor does Plaintiff's opposition to Defendant's motion identify any such facts. *See* Doc. 5. Moreover, the Court agrees with Defendant that "a fair reading of Plaintiff's Complaint leads to an inference that the alleged explosion was entirely unforeseeable." (Doc. 4, at 6). Thus, regardless of whether it is pled as a traditional trespass claim, or an indirect trespass claim, such a claim must be dismissed. To the extent Count II uses the language of negligence ("duty", "breach", "causation"), it seemingly restates the negligence claim in Count I, which, as stated above, will be permitted to proceed.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 4) be, and the same hereby is, GRANTED IN PART and DENIED IN PART as set forth herein.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE