IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KEITH COLE,**                                        CASE NO. 3:23 CV 769

       Plaintiff,

       v.                                              JUDGE JAMES R. KNEPP II

**TOLEDO REFINING COMPANY, LLC,**

       Defendant.                           **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending in this Ohio state law-based negligence case is Defendant Toledo Refining Company's Motion to Exclude Plaintiff's Expert Disclosures, Reports and Testimony, Strike Plaintiff's Expert Disclosures and Reports from the Record, and Grant Summary Judgment. (Doc. 31). Plaintiff Keith Cole opposes (Doc. 33), and Defendant replies (Doc. 36). Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons set forth below, Defendant's motion for summary judgment is granted.

### BACKGROUND

Plaintiff's Complaint alleges that on November 23, 2021, he was inside his house when he heard a loud explosion "which rocked his house and threw him around[.]" (Doc. 1-1, at ¶ 3). He then saw smoke and fire coming from "Defendant[']s refinery operation." *Id.* at ¶ 4. Plaintiff claims "[t]he explosion and fire was two blocks from [his] house" and, "[a]s a direct and proximate result of the explosion, [Plaintiff's] chimney was dislodged and he sustained injuries to the left side of his body." *Id.* at ¶¶ 5-6.

The deadline for Plaintiff's expert reports was originally February 16, 2024. (Doc. 12). On February 13, Plaintiff filed a document disclosing Anthony Atkins, M.D., and Hunter Johnson, P.T. ("PT Johnson"), as expert witnesses. (Doc. 23). He disclosed their names only; the document contains no additional information. On March 1, 2024, Plaintiff filed a motion for extension of time to disclose expert witnesses. (Doc. 25). As cause, he stated he was having difficulty finding a qualified chimney expert "to examine his chimney and give an opinion as to cause and damage." *Id.* at 2. The Court granted the motion, extending Plaintiff's deadline to March 19, 2024.

On March 5, 2024, Defendant filed a motion for extension regarding its expert reports. (Doc. 27). Therein, it noted that although Plaintiff had filed his disclosure of expert witnesses, he had not provided any expert reports. *Id.* at 1. Defendant asserted that previously-produced medical records from these providers did not include any causation opinions. *Id.* It further noted that Plaintiff had yet to identify any expert related to the chimney damage. *Id.* at 2. Defendant therefore requested an extension of time to file its expert disclosures until 60 days after Plaintiff filed his expert reports. *Id.* The Court granted Defendant's motion.

On March 19, 2024, Plaintiff filed a "Notice of Filing Expert Report with Exhibit 1." (Doc. 30). Attached to the Notice is an estimate from Luce's Chimney & Stove Shop, LLC. *Id.* at 2. Nothing further was filed from Dr. Atkins or PT Johnson.

On May 17, 2024, Defendant filed an expert report from James E. Sander, M.D. (Doc. 32). Dr. Sander's report opines Plaintiff's medical records fail to demonstrate any injury as a result of the alleged incident on November 23, 2021, and that the cause of Plaintiff's cervical spine pain is preexisting cervical spondylosis. *Id.* at 4-5.

**DISCUSSION**

Defendant moves to strike Plaintiff's Expert Witness Disclosures (Doc. 23) and Notice of Filing of Expert Report (Doc. 30), contending they are not in compliance with Rule 26. (Doc. 31). Defendant further contends that, once the expert disclosures are stricken, Plaintiff lacks the necessary expert evidence regarding causation on his negligence claim and Defendant is thus entitled to summary judgment. Moreover, Defendant argues that, even if Plaintiff's disclosed documents are considered, it is still entitled to summary judgment because those records contain no causation opinions. Plaintiff responds that there is sufficient evidence of causation. The Court finds Defendant is entitled to summary judgment.

Expert Disclosure Requirements

Federal Civil Rule 26 requires parties to disclose expert witnesses and reports at the date set by the Court. *See* Fed. Civ. R. 26(a)(2)(D). If the witness is "retained or specially employed to provide expert testimony in the case[,]" a report is required, containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). If the witness is not one required to provide a written report, the witness disclosure still must state:

3

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

Failure to identify a witness as required by Rule 26(a) means that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "A noncompliant party may avoid sanction if 'there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010)). In assessing whether a party's failure to comply with disclosure rules is harmless or substantially justified, the Sixth Circuit counsels that there are five factors to consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). The party seeking to avoid the Rule 37(c) sanction bears the burden of showing that its failure to comply with the expert disclosure requirements was harmless or substantially justified. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

A treating physician not retained for the purpose of providing expert testimony can be deposed or called to testify without first submitting a written report. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007); Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment. Treating physicians may offer expert opinions, including on causation issues,

4

without offering a written report, so long as it was "within the normal range of duties for [the] health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination." *Fielden*, 482 F.3d at 869 (quoting *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 557 (S.D. Ind. 2003)). Thus, disclosure of a treating physician expert witness need only comply with Rule 26(a)(2)(C) and contain "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."

Defendant moves the Court to strike or exclude Plaintiff's expert disclosures as failing to comply with the requirements in Rule 26. First, Defendant correctly notes that Plaintiff's disclosure fails to state whether the disclosed experts have been retained or will be testifying to the scope of their treatment. The Court assumes Plaintiff intends the individuals to testify as treating providers. However, Defendant asserts that even if the disclosed experts are intended to testify as treating physicians, the provided disclosures do not satisfy the requirements of Rule 26(a)(2)(C), including "(ii) a summary of the facts and opinions to which the witness is expected to testify." This is so, Defendant contends, because Plaintiff has only disclosed the names of the experts and treating records from each. This is an accurate description of the record, and Plaintiff provides no response to this procedural argument nor has he attempted to remedy the disclosure.

The Court finds Plaintiff has failed to properly disclose these individuals as experts. And he has not satisfied his burden to establish such failure was substantially justified or harmless. Indeed, he does not directly respond to Defendant's argument on this point. Nevertheless, the Court finds it unnecessary to determine whether Plaintiff's expert disclosures should be stricken because – as set forth below – even considering them, the Court finds Defendant is entitled to summary judgment.

Summary Judgment

Defendant contends that, because Plaintiff lacks expert testimony regarding the causation of either his injuries or his property damage, it is entitled to summary judgment. Plaintiff does not expressly respond to this argument, but argues there "is ample causative evidence to relate Mr. Cole's physical problems to the explosion that occurred at the defendant's refinery[.]" (Doc. 33, at 2).

"The elements of a negligence claim under Ohio law are '(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach.'" *Beckemeyer v. Gelco Corp.*, 828 F. App'x 251, 253 (6th Cir. 2020) (quoting *Wallace v. Ohio Dep't of Com.*, 773 N.E.2d 1018, 1025-26 (Ohio 2002)). Ohio law requires expert testimony if an issue is "beyond the common knowledge and understanding of a layperson." *White v. Leimbach*, 959 N.E.2d 1033, 1040 (Ohio 2011).

*Personal Injuries*

As to causation, "the Ohio Supreme Court has held that a plaintiff must present scientific or medical evidence if an untrained layperson would not have the expertise necessary to decide whether a defendant's actions could cause a plaintiff's injury." *Nocilla v. Bridges*, 2023 WL 7550019, at *4 (6th Cir.). The Sixth Circuit recently explained the difference between cases that require expert testimony and those that do not under Ohio law:

> If an accident caused an injury involving the "internal complexities of the body" or if it caused "subjective" pain with no objective manifestation, the courts generally require expert testimony. If, by contrast, the injury is "readily observable or understandable," the plaintiff may rely on lay testimony to show the required causal connection.

*Id.* (internal citations omitted); *Whittington v. Kudlapur*, 2001-Ohio-2525 (Ohio Ct. App.) ("[I]n order to establish the element of causation in a negligence claim when specific physical injuries

6

are alleged, a plaintiff must produce expert testimony, unless causation is within the common knowledge of a layperson."). If a plaintiff alleges pain and suffering derivative of a physical injury, no additional expert testimony is required if the plaintiff "has already established a causal connection between the defendant's conduct and the underlying *primary* 'injury' from which the 'pain and suffering' flows." *Nocilla*, 2023 WL 7550019, at *6 (citing *Mahaffey v. Stenzel*, 1999 WL 50229, at *6 (Ohio Ct. App.)).

Applying the above law to the injuries alleged here, the Court finds expert testimony is required to establish causation because Plaintiff's alleged injuries are not within the common knowledge of a layperson. And to be clear, Plaintiff has not argued otherwise.

Plaintiff's response to Defendant's argument is that there is "ample medical evidence" the explosion caused his injuries. (Doc. 33, at 2). Specifically, he cites: (1) a comment in Dr. Atkins's February 2, 2022 treatment note that Plaintiff reported his pain started "when an explosion rattled his home" and (2) a comment in PT Johnson's December 2, 2022 treatment note that Plaintiff presented with "complaints of neck and arm pain secondary to an explosion occurring near his house in November 2021." *See* Doc. 31-1, at 4; Doc. 31-2, at 2. PT Johnson's treatment note seemingly quotes a doctor's note as stating:

> Has a history of MVC in 2008 requiring cervical fusion, has been doing well until recently. Reports an injury in November, reports that he was in the house when there was an explosion at a local plant that caused him to forcefully be thrown back and was unable to catch himself before hitting a wall.

(Doc. 31-2, at 2).

It is at best unclear that Plaintiff's treating physician and physical therapist would even offer an opinion about causation. Although Plaintiff extrapolates from the records' stating that he reported pain after the event, there is nothing explicit in the records suggesting that either provider has an opinion as to causation. And Plaintiff has not presented any disclosure in

7

compliance with Rule 26(a)(2)(C) stating either provider has, or intends to offer a causation opinion. Nor has he even argued as much. Because Plaintiff has not properly disclosed expert testimony regarding causation of his physical injuries, and the disclosed records do not offer a causation opinion, Defendant is entitled to summary judgment on Plaintiff's negligence claim related to his physical injuries.

*Property Damage*

Next, Defendant contends Plaintiff's "expert report" regarding his chimney damage is nothing more than an estimate for repairs and contains no opinion regarding causation, therefore also entitling it to summary judgment on this claim. Plaintiff provides no responsive argument regarding his property damage. *See* Doc. 33, at 2 (concluding "there is ample causative evidence to relate Mr. Cole's physical problems to the explosion that occurred at the defendant's refinery on November 23, 2021."). The Court agrees with Defendant.

The cause of damage to Plaintiff's chimney is not within the purview of a layperson's understanding, therefore, expert testimony is required. *Cf., e.g.*, *Hammar v. Ohio Univ.*, 2004-Ohio-1364, ¶ 9 (Ohio Ct. Cl.) ("Plaintiff has failed to establish the paint damage to his vehicle was caused by smokestack emissions at defendant's heating plant. Plaintiff has not produced a qualified expert report stating his property damage was caused by emissions emanating from defendant's plant."); *King v. Am. Family Ins.*, 2017-Ohio-5514, ¶ 21 (Ohio Ct. App.) ("[E]xpert testimony clarifies the often complex causes of structural damage."). Indeed, Plaintiff himself even acknowledged the need for causation testimony in his request for an extension of time to obtain such expert testimony. *See* Doc. 25, at 2 (offering, as cause for a requested extension, that he was having difficulty finding a qualified chimney expert "to examine his chimney and give an opinion as to cause and damage").

8

Because expert testimony is required to establish causation between Defendant's alleged negligence and Plaintiff's chimney damage, Plaintiff has not provided such nor any excuse as to why he failed to do so, or how he can prove his negligence claim as to structural damage, and the time in which to disclose an expert on the issue has expired, Defendant is entitled to summary judgment on Plaintiff's property damage-based negligence claim.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Summary Judgment (Doc. 31) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2024